# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANKLIN GUAMAN,** | Civil Action No. 16-2304 (MCA) |
| **Petitioner,** | |
| v. | **MEMORANDUM AND ORDER** |
| **THE ATTORNEY GENERAL OF NEW JERSEY, et al.,** | |
| **Respondents.** | |

This matter having come before the Court on Petitioner's submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which the Court construes as a § 2241 Petition seeking pretrial relief. (*See* ECF No. 1). For the reasons explained in this Memorandum and Order, the Court will dismiss the petition without prejudice and direct the Clerk of the Court to administratively terminate this matter. *See* 28 U.S.C. § 2254 Rule 4 (made applicable to § 2241 through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).[1] Because Petitioner may be in danger of losing his opportunity to bring a § 2254 petition, the Court will provide Petitioner with 30 days to submit a § 2254 petition and a motion for a stay, if necessary.

---

[1] Petitioner brings this Petition for a Writ of Habeas Corpus as a *pro se* litigant. A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989).

1

At the time he filed his petition, Petitioner was a pretrial detainee at Hudson County Correctional Center and brought a petition for relief purportedly under § 2254 and for "summary judgment" under Fed. R. Civ. P. 56. Petitioner sought suppression of certain statements he made without being apprised of his *Miranda* rights.[2] He also challenged the alleged withholding certain *Brady* material[3] in his state court prosecution and the alleged violation of his right to effective assistance of counsel (ECF No. 1, Pet. at 3.) A search of the New Jersey Inmate Locator shows that Petitioner subsequently pleaded guilty to one count of Endangering the Welfare of a Child pursuant to N.J.S.A. 2C:24-4A and was sentenced on June 16, 2016, to a three-year term of imprisonment.[4] On September 12, 2016, Petitioner wrote to the Court stating that he "was set free" on September 1, 2016, but was taken into the custody of Immigration and Customs Enforcement because he is not a United States citizen.[5] It appears from the available record that the Appellate Division recently affirmed his conviction and sentence on April 27, 2018. *See State v. Guaman*, No. A-4721-15T3, 2018 WL 1973778, at *2 (N.J. Super. Ct. App. Div. Apr. 27, 2018). It is not clear whether Petitioner filed a petition for certification with respect to his direct appeal or filed a petition for post-conviction relief. Thus, it is not clear whether Petitioner has exhausted his state court remedies.

Petitioner has brought the instant habeas petition under 28 U.S.C. § 2254. Because the Petition explicitly seeks pretrial relief, it is more appropriate to characterize the Petition as a habeas petition under 28 U.S.C. § 2241. *See Moore v. De Young*, 515 F.2d 437, 441–42 (3d

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] *See Brady v. Maryland*, 373 U.S. 838 (1963).

[4] See New Jersey Inmate Locator, available at https://www20.state.nj.us/DOC_Inmate/details?x=1522608&n=2.

[5] The Inmate locator also indicates that Petitioner was released from custody on September 1, 2016.

2

Cir.1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States."); *see also Carstarphen v. Camden Cty. Corr. Facility Warden*, No. CIV. 14-4596 RBK, 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014); *Avila v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n. 4 (D.N.J. Sept.6, 2007).

For state prisoners, federal habeas corpus is substantially a post-conviction remedy, *Moore v. DeYoung*, 515 F.2d at 441-42 (citing *Peyton v. Rowe*, 391 U.S. 54, 60 (1967)). Although "district courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see Moore*, 515 F.2d at 441–42, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Thus, the Third Circuit has held that jurisdiction without exhaustion of state court remedies should not be exercised at the pre-trial stage unless extraordinary circumstances are present. *See id.*

With this framework and these cases in mind, this Court now looks to Petitioner's request for relief to determine whether he has exhausted state court remedies on the merits or has demonstrated extraordinary circumstances. Here, at the time he filed his Petition, Petitioner was seeking to litigate his alleged constitutional claims, including *Miranda, Brady,* and ineffective assistance claims, in this Court before raising them before all levels of the state court.

Petitioner has not made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims.

3

*See Thomas v. State of New Jersey*, No. CV 16-1436 (SDW), 2016 WL 7015619, at *2 (D.N.J. Nov. 30, 2016) (dismissing pretrial habeas claims containing *Brady* and similar claims). This action appears to be an attempt by Petitioner to litigate constitutional claims prematurely in federal court. *See Duran*, 393 F. App'x at 4 (citing *Moore*, 515 F.2d at 445). The proper procedure is for petitioner to exhaust his constitutional claims before all three levels of the New Jersey state courts. "Once [Petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449. For these reasons, the § 2241 Petition seeking pretrial relief shall be dismissed <u>without prejudice</u> and the Court will direct the Clerk of the Court to administratively terminate this matter.

To the extent the Petition may be construed as a § 2254 petition seeking post-conviction remedies, Petitioner is no longer in custody pursuant to his conviction, and it is not clear whether he has exhausted his state court remedies to all levels of the state court.[6] Because Petitioner is proceeding *pro se* and may be in danger of losing his opportunity to bring a habeas petition, the Court will provide Petitioner with 30 days in which to submit (1) a § 2254 Petition and, if

---

[6] To the extent Petitioner filed a petition for certification with the New Jersey Supreme Court and did not file a PCR, he is free to file a habeas petition under § 2254 raising only those claims he raised on direct appeal; however, to the extent he did not file a petition for certification with the New Jersey Supreme Court and/or has a PCR pending in state court, his claims remain unexhausted, and he may seek a stay of this matter pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

4

necessary, (2) a motion to stay that petition under *Rhines v. Weber*, 544 U.S. 269 (2005) until Petitioner exhausts his state court remedies.[7]

IT IS THEREFORE, on this ___15___ day of ___Sept___, 2018,

**ORDERED** that the § 2241 Petition is dismissed without prejudice for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter and send Petitioner the form for § 2254 petitions; and it is further

**ORDERED** that the dismissal is without prejudice to Petitioner's filing of a § 2254 petition and a motion for a stay to exhaust his state court remedies within 30 days of the date of this Order;[8] and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file and **CLOSE** this case accordingly.

Madeline Cox Arleo, District Judge
United States District Court

---

[7] In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with the Antiterrorism Effective Death Penalty Act's (AEDPA) purposes, *Rhines*, 544 U.S. at 276, and where petitioner can show the following: good cause for his failure to exhaust, potentially meritorious claims; and an absence of dilatory litigation tactics. If Petitioner elects to submit a § 2254 Petition and a motion to stay, he should list all claims (both exhausted and unexhausted) he wishes to bring in his habeas petition and address the *Rhines* standard.

[8] If Petitioner has exhausted his state court remedies to all levels of the state court, he should so notify the Court.

5